UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA LLC, | Civil Action No. 13-2042 (PGS) |
| Plaintiff, | |
| v. | ORDER |
| ERIKA LOBODA, | |
| Defendant. | |

This matter is opened upon the Court by way of Motion [Docket Entry No. 16] filed by Plaintiff Malibu Media, LLC ("Plaintiff") for an order to seal Exhibit C of Plaintiff's Complaint and Amended Complaint. [Docket Entries Nos. 1 & 7]. Plaintiff argues that the Exhibit should be sealed because it contains supposedly lascivious bits of data allegedly distributed on Defendant's IP address between September 27, 2012 and March 9, 2013. Among other things, this list contains the titles of adult films produced not only by Plaintiff, but also by other parties not related to the instant matter. (Cerillo cert. p. 2-3). Plaintiff contends that sealing the Exhibit is proper because the film titles not belonging to Plaintiff are visible and Plaintiff does not wish to cause embarrassment. (Cerillo cert. p. 3). Because Plaintiff does not expand upon these conclusions in any other way, the Motion fails to meet the requirements of L. Civ. R. ("Rule") 5.3(c), as discussed below.

As a preliminary matter, the Court notes that the commentary to Rule 5.3 states that a "motion to seal or restrict public access to materials filed with the Court may be made before, as part of, or at the same time as substantive motions." Reference to Rule 5.3, its requirements, and compliance therewith is available on the District Court's website. *See* D.N.J. Electronic Case Filing Policies and Procedures (as amended May 1, 2012). In short, compliance with Rule 5.3

requires that the moving party contemplate that documents may or will have to be sealed prior to filing because otherwise, the material in question will be in full public view and the issue will be moot. Or, more colorfully stated, "once the cat is out of the bag, the ball game is over." *Pfizer, Inc. v. Teva Pharmaceuticals, USA, Inc.*, 2010 U.S. Dist. LEXIS 67631, *11 (July 7, 2010) (quoting *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004)). While the Court notes that the information contained in Exhibit C was publically accessible on the docket for over five months prior to the filing of the instant Motion, thereby effectively deciding the issue itself, we will nonetheless address the substantive provisions of Rule 5.3.

In general, there is a presumption that the public enjoys a right to access "pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 154, 164 (3d Cir. 1993). This presumption can be rebutted, however, by showing that good cause exists for the protection of the material. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). It is against this backdrop that L. Civ. R. ("Rule") 5.3(c)(2) prescribes that a party seeking an Order to Seal must

> describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

Rule 5.3(c)(5) requires that "any order or opinion on any motion to seal… shall include findings on the factors set forth in (c)(2)." Thus, in order to allow the Court to formulate its decision, any motion to seal must contain a description of the confidential information and must set forth why allowing public access to the information will cause a specific, serious injury. *Pansy v. Borough of Stroudsburg*, 23 F.3d 773, 788 (3d Cir. 1994). Simply making a conclusory statement that Defendant's privacy rights "would be irreparably violated" does not satisfy the Rule, as "broad, unsubstantiated claim[s]" are insufficient under Third Circuit case law. *Harris v. Nielsen*, 2010

U.S. Dist. LEXIS 58993, *11 (D.N.J. June 15, 2010); *Pansy*, 23 F.3d at 786.

However, while satisfying the four prongs of Rule 5.3(c)(2) requires adherence to a fairly rigid standard, the standard is relaxed where the privacy rights at issue belong to the nonmoving party, such as in the present matter. Because the moving party is partially disinterested in the outcome, "limiting the inquiry to the harms articulated by the movant artificially constricts the analysis and potentially precludes a court from considering serious injuries." *Harris*, 2010 U.S. Dist. LEXIS, at *12. It is thus proper for the Court to "look beyond the harm described in the Motion to Seal and consider more generally the injury [Defendant] might suffer if the Motion to Seal were not granted." *Id.*

Nevertheless, even exercising this expanded review, the Court still fails to find harm for two reasons. First, as required by the Rule, the motion to seal must be electronically filed and must set forth the aforementioned reasons why the movant wishes to seal the material. This means that the reasons for sealing a document will be publically known even if the content in question is ultimately shielded from the public gaze. Here, the exhibits in question and, indeed, the entire case revolve around the titles of certain adult films. It would thus seem odd to seal an exhibit because the underlying documents contain the titles of adult films. Combined with the fact that the exhibits have been in public view on the docket since the original complaint was filed, there is no privacy interest to protect. Second, Plaintiff fails to articulate or even mention a specific harm. It is possible to quantify embarrassment as harm, but again, a broad conclusion is insufficient as "an applicant… must demonstrate that the embarrassment will be particularly serious." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). As "every lawsuit has the possibility for creating some adverse publicity for the parties involved" (*Vassiliades v. Israely*, 714 F. Supp. 604, 606 (D. Conn. 1989)), it is difficult to presume a level

of embarrassment associated with materials such as these since, as has been noted, "[w]hat shocks me may be sustenance for my neighbor.  What causes one person to boil up in rage over one pamphlet or movie may reflect only his neurosis, not shared by others." *Miller v. California*, 413 U.S. 15, 40-41 (1973)(Douglas, J., dissenting).  In any case, it is beyond this Court's competency to determine whether an individual would deem association with the titles of the films contained in Exhibit C a greater or lesser embarrassment than being connected to those listed in Exhibits A and B, which Plaintiff does not desire to seal.

The Court finds that Rule 5.3(c)(2)'s requirements are not satisfied and sealing Exhibit C is not proper.  Having considered the matter pursuant to L. Civ. R. 78.1(b) and for good cause shown,

IT IS on this 11th day of December, 2013,

ORDERED that Defendants' Motion to Seal Exhibit C is DENIED; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 16] accordingly.

_____s/  Tonianne J. Bongiovanni_____
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**